

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| THOMAS JOSHUA HOFFERTH, <br> Plaintiff, <br><br> vs. <br><br> JANSSEN PHARMACEUTICALS, INC., <br> JANSSEN, L.P., JOHNSON & JOHNSON, <br> and JANSSEN RESEARCH AND <br> DEVELOPMENT, LLC, <br> Defendants. | § <br> § <br> § <br> §   Civil Action No.: 3:17-01560-MGL <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY
AND DEEMING MOOT DEFENDANTS' MOTION TO STRIKE**

**I.    INTRODUCTION**

This is an action for various tort-based claims under South Carolina law.  The Court has jurisdiction over this matter under 28 U.S.C. § 1332.

Pending before the Court are Defendants Janssen Pharmaceuticals, Inc., Janssen, L.P., Johnson & Johnson, and Janssen Research & Development, LLC's (collectively Defendants) motions to exclude the expert testimony of L. Randolph Waid (Waid) and to strike the declaration of Waid.  Having carefully considered Defendants' motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Defendants' motion to exclude expert testimony

of Waid will be granted in part and denied in part, and Defendants' motion to strike will be deemed moot.

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Thomas Joshua Hofferth (Hofferth) filed the immediate action alleging numerous South Carolina tort violations—strict products liability, negligence, failure to warn, breach of warranty of merchantability, breach of express warranty, breach of implied warranty, fraud, and negligent misrepresentation—based upon his use of two antipsychotic pharmacological drugs produced by Defendants, Risperdal and Invega. Hofferth, now twenty-eight years old, was diagnosed with possible bipolar disorder as a child, and during the course of his treatment, prescribed the two medications.

During his treatment, Hofferth experienced significant weight gain, and was eventually diagnosed with gynecomastia. Gynecomastia is an enlargement or welling of breast tissue in males.

Hofferth, during discovery, limited his allegations to the contraction of gynecomastia purportedly because of his use of Risperdal and/or Invega. Pl. Fifth Supplemental Answers to Defs' First Set of Interrog., Nos. 7-8. Hofferth's claims were further limited when his own causation expert, Isaacs, conceded the purported side effect, gynecomastia, was caused only by Invega, not Risperdal. Exhibit 1 to Motion to Exclude Expert Testimony of Dr. Scott D. Isaacs, M.D. at 17 [hereinafter Isaacs Report] ("Thus, after eliminating any potential or contributory causes, it is, to a reasonable degree of scientific and medical certainty, Invega was the cause of Thomas Hofferth's gynecomastia."); *see also id.* at 14 ("Risperdal did not likely cause Mr.

Hofferth's chronic gynecomastia."). Accordingly, the case before the Court is the legal implications of Invega's purported health effects on Hofferth.

Hofferth retained Waid, a South Carolina certified clinical psychologists, to provide a psychological evaluation of Hofferth in connection with the case.

After the discovery process, Defendants filed four motions to exclude the expert testimony of Martin T. Wells (Wells), Waid, Dr. David A. Kessler (Kessler), and Dr. Scott D. Isaacs (Isaacs). Hofferth responded to all four motions and Defendants replied. The Court addressed the motions pertaining to Wells, Kessler and Isaacs at a hearing held as to those three motions. The Court is now prepared to rule on the motion pertaining to Waid.

III. STANDARDS OF REVIEW

Under Federal Rule of Evidence 702, a witness may be qualified as an expert to provide opinion testimony when:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliability applied the principles and methods to the facts of the case.

*Id.* The rule creates a "gatekeeping requirement" for the trial court to "ensure the reliability and relevancy of expert testimony," and to ensure "the same level of intellectual rigor that characterizes the practice of an expert in the relevant field" is presented in the courtroom. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The Court is required to determine whether "an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). The Court may rely on the Supreme Court's set of non-exclusive factors in

making determinations on the reliability of the reasoning or methodology of the experts: 1) "whether [the] theory or technique . . . can be (and has been) tested"; 2) "whether the theory or technique has been subjected to peer review and publication"; 3) "the known or potential rate or error" of a methodology and "the existence and maintenance of standards of controlling the technique's operation"; and 4) the general acceptance of the theory within the "relevant scientific community." *Id.* at 593-94. No single factor is determinative; the "inquiry is a flexible one," providing a trial court with "broad discretion in choosing which *Daubert* factors to apply and how to consider them." *Belville v. Ford Motor Co.*, 919 F.3d 224, 233 (4th Cir. 2019).

The relevance inquiry requires analysis of whether the expert opinions have "a valid scientific connection to the pertinent inquiry. *Id.* at 232. Put differently, relevance requires "expert opinions to assist the trier of fact to understand the evidence or to determine a fact in issue." *United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 318 (4th Cir. 2018) (internal quotations omitted). This mirrors the relevancy test in the Federal Rules of Evidence. Fed. R. Evid. 401 ("Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence . . . and . . .the fact is of consequence in determining the action.").

## IV. DISCUSSION AND ANALYSIS

Waid is a South Carolina certified clinical psychologist Hofferth engaged to provide a psychological evaluation of Hofferth in connection with the case. Defendants challenge the reliability of causation opinions Waid offers and the relevance of Waid's testimony.

The majority of Waid's report lays out Hofferth's medical history along with Hofferth's statements to Waid during the course of Waid's evaluation.

It would be improper to certify Waid as an expert, merely for him to provide a recitation of factual testimony. A factual recitation, however, is proper if used to support independent conclusions relevant to the case. *See United States v. Palacios*, 677 F.3d 234, 244 (4th Cir. 2012) (allowing expert testimony to discuss factual information received from an interview when it serves as the basis for independent opinions, rather than being used to simply pass along testimonial facts). As explained below, the Court is unconvinced all opinions offered by Waid are irrelevant, and therefore the factual recitation properly serves as foundation for his opinions.

The Court next looks to the recitation of opinions by Waid, as presented in his expert report. Waid makes a number of conclusions about Hofferth's psychiatric care and condition throughout the report, and then summarily states, "Use of medications particularly atypical neuroleptic medicines contributed significantly to excessive weight gain and development of gynecomastia." Exhibit 1 to Motion to Exclude Expert Testimony of L. Randolph Waid, Ph.D., Waid Expert Report at 10. The Court has been unable to identify any other causation conclusions or opinions within Waid's report.

The causation opinion about the medications contributing to the weight gain and gynecomastia is unsupported by any evidence provided in the report and falls outside the expertise of Waid. Waid is a trained clinical psychologist, not a psychiatrist, and therefore unable to prescribe pharmacological compounds. Thus he lacks any expertise on the topic. Further, he provides no independent support anywhere in the report for this statement. The Court will therefore grant Defendants' motion as to any causation opinions attributable to Waid.

The other opinions and conclusions found in the report relate to either the prudence behind prior prescription decisions for Hofferth, Hofferth's current psychological condition, or Hofferth's previous psychological condition. As previously explained, Waid is not permitted to prescribe

5

medications. Accordingly, he lacks any expertise to provide opinions regarding the prudence of any prescribing decisions. The Court will, thus, also grant Defendants' motion as it relates to any opinions about the prudence of prescription decisions.

Waid, however, is eminently qualified to opine on Hofferth's past and present psychological condition—and appears to have performed a valid methodology to reach the conclusions. It is unclear to the Court at this juncture whether these opinions would be relevant to the factual issues to the case at hand. The Court, thus, reserves judgment on the relevancy of these opinions until a more appropriate time. Accordingly, the Court will deny without prejudice Defendants' motion to exclude as to Waid's remaining opinions.

## VI. CONCLUSION

For the reasons stated above, the motion to exclude the expert testimony of Waid is **GRANTED** as to any opinions by Waid about causation and prescription decisions, but **DENIED WITHOUT PREJUDICE** as to his remaining opinions. Further, the Court relied solely on the party's briefs and Waid's report in reaching a decision on the motion to exclude, thus, Defendants' motion to strike the declaration of Waid is **DEEMED MOOT**.

    **IT IS SO ORDERED.**

Signed this 5th day of March 2020 in Columbia, South Carolina.

                                          s/ Mary Geiger Lewis
                                          MARY GEIGER LEWIS
                                          UNITED STATES DISTRICT JUDGE